## N. Y. SUPERIOR COURT.

### JOHN C. BARTON, assignee, agt, JOHN H. McKINLEY.

If, after a cause has been once properly placed on the calendar for a short cause day, and is not reached for trial on that day, or is moved off without any day being assigned, and it does not appear on the calendar for the next short cause day, either party may, at the opening of the court on that day, move the court to place the cause on the calendar, and when the cause is reached for trial, take the default of the other party, if he fail to appear. The default so taken will be regular; and this, although the other party, on the afternoon of the day before, inspected the calendar in the clerk's office, and did not find the cause thereupon, and for that reason did not attend.

A like procedure may be had where the court sets down a short cause for a particular short cause day, and the same does not appear on the calendar for that day.

Hereafter, the fact that in such cases the cause does not appear on the calendar as made out by the clerk, and published in the newspapers of the day, before the one on which the cause is called, nor on the calendar published on the morning of that day, will not be taken as an excuse for failing to appear on the trial, or if appearing, for failing to be ready; and this, even though the party so failing may have examined all of such calendars, and found that the cause was not thereon.

*Special Term, December,* 1869.

MOTION to open default.

This cause was ordered to be placed on the calender of short causes, and was placed on that calendar for the 18th June, 1869. On that day it was set down for the 25th of June, 1869. On the 25th, defendant moved the cause off the term.

On the 15th day of October, 1869 (being the first short calendar day after the 25th of June, 1869), plaintiff took an inquest against the defendant by default. The cause was not placed on the calendar for the 15th of October until about nine o'clock in the morning of that day; and it did not appear on the calendar of that day, as it was printed in the morning newspapers. On the afternoon of the 14th of October, defendant's attorney went to the clerk's

office and examined next day's calendar, as it then stood, and did not find the cause thereon. Shortly after nine A. M., on the 15th of October, the clerk, at the request of plaintiff's attorney, put the cause on the calendar. It was then regularly called and the inquest taken.

Other matters appear by the papers used on the motion, but it is unnecessary to advert to them. ·

The defendant moves to open the default.

EDWARD McKINLEY, *for motion.*
SAMUEL BROWN, *opposed.*

JONES, J.—By the practice of this court, the calendar for each short cause day must contain all the causes assigned for trial on that day. It is, also, the practice that when a cause has been ordered on the short calendar, and has been properly placed on it, it remains thereon until disposed of by the court. If not reached for trial on the first short calendar day that occurs after it is placed on the short calendar, it goes off, as a matter of course, to the next succeeding short calendar day. If not then reached, then to the next, and so on until it is disposed of. So, also, if it is moved off for the term, it goes, as matter of course, to the first short calendar day in the next term. Counsel and attorneys are presumed to be acquainted with this practice, and to know the short calendar days. Knowing this practice of the court, they are not to rely on the cause appearing or not appearing on the calendar of short causes made subsequent to the one on which it first appears, as indicating to what day the cause stands adjourned, or whether it will or will not be brought on for trial. If it does not appear on any such calendar, they are bound to assume that it is by reason of the neglect or mistake of the clerk, and that such mistake will be corrected at the opening of the court, on the application of either party, and brought on for trial, if there is time enough to reach it for trial.

They are, therefore, bound to make preparation, and come prepared for the trial of their causes on each short calendar day after the one on the calendar for which the cause first appears, unless it is set down for some particular short calendar day, and then to make preparation, and come prepared for trial on that day; and this whether the cause appears in such subsequent calendar or not.

The default, then, was regularly taken, although the cause was not placed on the calendar the day before the short cause day on which the default was taken, and the defendant's counsel knew that fact.

There appears to be an impression, among the members of the bar, in relation to this short cause calendar, as well as the ordinary day calendars, that unless a cause appears on it, as printed in the morning papers, a default taken therein will be irregular, and also that they are not obliged to make preparation for trial until they find the cause on a day calendar, and if they are unable to get ready between the time the cause is so placed on the day calendar and the calling of the cause for trial, it is sufficient ground for a postponement. Whatever may be the correct rule in relation to the ordinary day calendar, and the calendar made out for the first short cause day after the cause has been ordered thereon, (concerning which this motion calls for no intimation) yet as regards all other calendars for short cause days, i. e., those calendars succeeding the one on which the cause shall first be placed—the impression is wholly erroneous. The rule in relation to these subsequent short cause days is as above stated.

Immediately on the postponement of the cause, counsel are to make preparation to be ready to try their cause on the next succeeding short cause day, or that one to which the cause may have been postponed, and are bound to come prepared on that day for trial (unless a sufficient legal excuse is shown for not being prepared) without reference to the calendar which may be made out for the said next

Barton agt. McKinley.

ensuing short calendar, or that one to which the cause may have been postponed, or the contents thereof.

As, however, this erroneous impression has prevailed to a considerable extent, and defendant's counsel seems to have acted on it, I will, on the present occasion, deem it a sufficient excuse for his not attending court on the day the default was taken.

This decision, however, dissipates such impression; and reliance on such an impression will, not, hereafter, be regarded as an excuse.

Nor will ignorance of this decision be regarded favorably. It is the duty of attorneys to make themselves acquainted with the rules and practice of the courts in which they pursue their profession; and for that purpose to make use of all the means within their reach. There are newspapers published in this city, in which practice decisions, especially those which are of general interest to the legal fraternity, are published. If the members of the bar neglect to make use of so easy a means of becoming acquainted with the practice and decisions relating thereto, their ignorance arising from such neglect affords but a sorry excuse.

Although the non-attendance at court when the default was taken is excused, yet the default will not be opened if the defendant has in fact no defense. On this branch of the motion these papers raise a strong suspicion that the defendant has, in fact, no defense, but that his answer is interposed for delay only.

They do not, however, go so far toward showing that there is no real defense, as to warrant depriving the defendant from the benefit of having the issue raised by him passed on by the jury.

The default being regular, and being opened as a matter of favor, it must be on the usual terms.

Those are, on the payment of $10 costs of opposing this motion, and $30 trial fee. Judgment, execution, and levy, if any, to stand as security, and cause to be set down for

trial on that short cause day which occurs on the last Friday of December term.

Let an order be entered granting the motion, so far as to open the default herein, and permit the defendant to come in and try the issue, and setting the cause down for trial in its proper order, on that short cause day which falls on the last Friday of December term (to wit, December 24, 1869,) on payment, by defendant to plaintiff, within two days after service of the order on defendant, or his counsel, Edward McKinley, of $10 costs of opposing this motion, and $30 trial fee. Judgment, execution, and levy, if any, to stand as security. If such costs are not paid in the time above limited, then the motion, and every part thereof, is denied, with $10 costs.